**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4613-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAHMAI S. JAMES, a/k/a
JAHMAI SUDANI JAMES,
and JAHMAI JAMES,

    Defendant-Appellant.

_____

Submitted October 14, 2020 – Decided   November 25, 2020

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Accusation No. 15-06-0195.

Joseph E. Krakora, Public Defender, attorney for appellant (Robert K. Uyehara, Jr., Designated Counsel on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Catlin A. Davis, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jahmai S. James appeals from the denial of his post-conviction relief (PCR) petition, arguing:

> POINT I
>
> THE PCR COURT ERRED IN DENYING DEFENDANT'S PCR CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> > A. THE TRIAL COURT ERRED IN FAILING TO FIND THAT DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE PLEA AND SENTENCING REGARDING HIS IMMIGRATION CONSEQUENCES.
> >
> > B. THE TRIAL COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING.

Reviewing the factual inferences drawn by the trial court and its legal conclusions de novo because the trial court did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), we are compelled to reverse and remand this matter for an evidentiary hearing. Not only did the trial court mistakenly analyze the PCR petition under the test for

plea withdrawal instead of the Strickland-Fritz standard,[1] the record reveals defendant established a prima facie case of ineffective assistance of counsel so as to warrant an evidentiary hearing.

Defendant supported his PCR petition with a certification averring his plea counsel knew he was born in Jamaica; counsel never discussed "that there were immigration consequences to the plea and that [defendant] would surely be deported" after he pleaded guilty on June 5, 2015 to two counts in Accusation 15-06-195: second-degree unlawful possession of a weapon

---

[1] To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome of the proceeding. Fritz, 105 N.J. at 58.

A defendant's motion to withdraw a guilty plea is analyzed under the four-factor test announced in State v. Slater, 198 N.J. 145, 157-58 (2009): "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal [will] result in unfair prejudice to the State or unfair advantage to the accused."

Not only are the tests different, so is our standard of review. We review a trial court's decision in a plea-withdrawal appeal for abuse of discretion because that court makes "qualitative assessments about the nature of a defendant's reasons for moving to withdraw his plea and the strength of his case and because the court is sometimes making credibility determinations about witness testimony." State v. Tate, 220 N.J. 393, 404 (2015).

A-4613-18T4

(handgun), N.J.S.A. 2C:39-5(b) (count seven), and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count eight)[2]; defendant was not given the opportunity to obtain advice from an immigration attorney; and if he knew he could be deported, he would not have pleaded guilty and proceeded to trial.[3]

Although bare assertions are "insufficient to support a [prima facie] case of ineffectiveness," State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999), the record presents sufficient facts, viewed in the light most favorable to defendant, to establish such a case, see State v. Preciose, 129 N.J. 451, 462-63 (1992); see also R. 3:22-10(b).

Defendant's Jamaican citizenship was evident throughout proceedings before the trial court. It was a factor in setting defendant's bail and was noted on the presentence report.

Defendant answered question seventeen of the plea form, stating: he was not a United States citizen; understood he had the right to seek legal advice about a guilty plea's impact on his immigration status; and had discussed

---

[2] The judgment of conviction erroneously lists the charge and statute for count eight as "UNLAW PURPOSE – FIREARMS" and "2C:39-4[a]" in both the original and final charges. We direct the trial court, on remand, to enter a corrected judgment.

[3] Defendant also claimed his plea counsel did not review discovery with him. That argument was not briefed on appeal. We consider it abandoned. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

potential immigration consequences with counsel. But he did not answer questions asking if he would like an opportunity to discuss the consequences with counsel and, importantly, "[h]aving been advised of the possible immigration consequences and of [his] right to seek individualized legal advice on [his] immigration consequences," if he still wanted to plead guilty. The trial court did not explore the reason why these questions were not answered. Moreover, the trial court did not make any inquiry of defendant about immigration issues during the plea colloquy.

These lacunas compel a remand to the trial court for an evidentiary hearing to determine if defendant's allegations are true, and if he established the ineffective assistance of his trial counsel—under both prongs of the Strickland-Fritz standard—recognizing, "[t]he weight of prevailing professional norms supports the view that counsel must advise [a] client regarding the risk of deportation." Padilla v. Kentucky, 559 U.S. 356, 367 (2010). "To provide effective assistance of counsel, post-Padilla, a defense attorney is required to address, in some manner, the risk of immigration consequences of a noncitizen defendant's guilty plea." Blake, 444 N.J. Super. at 295. A noncitizen defendant considering whether to plead guilty to an offense must "receive[] correct information concerning all of the relevant

material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012). The failure to so advise renders counsel's performance deficient. State v. Gaitan, 209 N.J. 339, 380 (2012); see also Blake, 444 N.J. Super. at 296.

We discern no link, however, between plea counsel's suspension from the practice of law, In re Roberts, 231 N.J. 187 (2017), and defendant's allegations. The suspension came some four months after defendant pleaded guilty and was based on grounds unrelated to those advanced by defendant's PCR petition.

The trial court, without an evidentiary hearing, made credibility findings in analyzing the Slater factors: "[T]he [c]ourt does not credit [defendant's] current claim that he was not . . . advised of the immigration consequences of his guilty plea." Findings on disputed issues should generally be made after a court hears testimony, not on certifications. See Preciose, 129 N.J. at 462-63; State v. Gaitan, 419 N.J. Super. 365, 370 n.3 (App. Div. 2011), rev'd on other grounds, 209 N.J. 339 (2012); State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998). "Assessment of credibility is the kind of determination 'best made through an evidentiary proceeding with all its explorative benefits, including

the truth-revealing power which the opportunity to cross-examine bestows.'" State v. Porter, 216 N.J. 343, 347 (2013) (quoting Pyatt, 316 N.J. Super. at 51).

Defendant's assertion was not belied by his prior record testimony; the trial court did not elicit any such testimony at the plea hearing. We, therefore, direct this matter be heard on remand before a different judge. See R.L. v. Voytac, 199 N.J. 285, 306 (2009) ("Because the trial court previously made credibility findings, we deem it appropriate that the matter be assigned to a different trial court."); see also R. 1:12-1(d).

Despite the trial court's plea-retraction analysis, defendant did not seek to withdraw his plea and did not endeavor to establish or critically explore the Slater factors. We decline to consider the undeveloped issue. See State v. Robinson, 200 N.J. 1, 19-20 (2008).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION