**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0581-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WENDELL ALLMAN,

    Defendant-Appellant.

_____

Submitted December 17, 2024 – Decided January 9, 2025

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 19-01-0069.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Wendell Allman appeals from a May 11, 2023 Law Division order and accompanying written decision denying his petition for post-conviction relief (PCR) claiming ineffective assistance of counsel (IAC), based on his attorney's failure to explain his sentencing exposure under the Graves Act,[1] and requesting compassionate release. Based on our thorough review of the record and application of prevailing law, we affirm.

I.

We glean the salient facts from the record before the Law Division. On August 26, 2018, North Brunswick Police were on routine patrol in the Main Street Shopping Center when they observed two security guards outside a private party on the patio of The Green Turtle restaurant. Defendant wore a bright yellow, reflective traffic vest and a cap, both bearing the word "police," displayed a silver police badge around his neck, and had a firearm in a holster on his right hip.

When approached by the police, defendant identified himself as a retired East Orange police officer. He showed the police documents stating he was an auxiliary police officer from 1979 through 1985 and he was employed by the East Orange Police Department between February 1986 and July 1989.

_____

[1] N.J.S.A. 2C:43-6.

The police identified defendant's weapon as a Springfield XD .45 caliber. Although defendant's weapon was registered, upon a search, the police found his license to carry the weapon was expired. On August 26, 2018, a Middlesex County grand jury indicted defendant on charges of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count one) and fourth-degree impersonating a law enforcement officer for an unlawful purpose, N.J.S.A. 2C:28-8(b) (count two).

On August 21, 2019, the State denied defendant's request for a Graves Act waiver pursuant to N.J.S.A. 2C:43-6.2, finding "an absence of any serious injustice that overrides the need to deter others from unlawfully possessing a handgun." The State considered defendant's prior admission of carrying a firearm without a license two months earlier in an incident where an innocent victim suffered a gunshot wound while he was performing security at an event, finding defendant was "well aware of the possible injurious consequences" of carrying an unlicensed firearm.

On January 17, 2020, defendant agreed to plead guilty to count one in exchange for the State recommending dismissal of the other charge, along with a Supplemental Plea Form for Graves Act Offenses. On his plea form, defendant circled "yes" indicating he "underst[ood] that because of [his] guilty

plea to" the unlawful possession of a handgun, "[he would] be subject to a minimum period of time before [he] will be eligible for parole (a parole ineligibility term) under the Graves Act." Defendant asserts that at the time he signed the plea forms, his trial counsel intended to again petition for a Graves Act waiver with a new submission highlighting defendant's poor medical condition.

Defendant testified understanding "that once [the trial judge] accept[s] the plea," defendant "cannot take it back[,]" even if defendant is unsuccessful in securing the waiver. Before asking defendant about the factual basis for the plea, the prosecutor also addressed defendant on the record explaining that while defendant worked at The Green Turtle as a security guard, his attorney "[was] going to make every effort to make the new [waiver] application based on [his] new medical record . . . . But in the event [he did not] get [the waiver], that does [not] allow [him] to withdraw this plea."

During voir dire, defendant admitted carrying the Springfield model XD .45 caliber handgun without a permit while he worked at The Green Turtle as a security guard. The trial court accepted defendant's plea, finding defendant understood the plea agreement and "no outside threats or promises [were] being made to him, but he [was] entering into this plea knowingly, voluntarily,

4

and with the assistance of very competent counsel with whom he [was] satisfied."

Sometime after the plea hearing, defendant's subsequent Graves Act waiver petition was denied.[2] The court sentenced defendant to five years' imprisonment with a forty-two-month period of parole ineligibility.

Defendant did not file a direct appeal and, instead, filed a pro se petition for PCR. Defendant asserted he received IAC, was entitled to compassionate release by way of an amended sentence, and his plea should be vacated since it was not made knowingly and intelligently.

The PCR court denied defendant's petition on May 11, 2023 by order and an accompanying written decision, finding defendant failed to establish a prima facie claim of IAC under the standard articulated in Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987). The PCR court found defendant's allegations were "vague, conclusory, or speculative," because the record was "at odds with his allegations." The PCR court found the record evidenced that trial counsel informed defendant of the potential parole ineligibility period under the Graves Act and defendant

---

[2] The record is unclear as to the number of times defendant previously petitioned for a waiver, with the prosecutor, trial counsel, and the court providing differing accounts.

acknowledged that he knowingly and intelligently entered into the plea agreement. The PCR court referenced the colloquy during the plea hearing, the August 21, 2019 letter denying the Graves Act waiver, and the fact that defendant never raised any questions or concerns, finding "[defendant's] claim that 'his attorney never informed him that he would be receiving a [forty-two-]month stipulated term' [was] completely contrary to the record" and defendant failed to satisfy the first Strickland prong. As to the second Strickland prong, the PCR court found defendant failed to show that, but for counsel's alleged errors, he would not have pleaded guilty and would have gone to trial.

The PCR court addressed defendant's request for an amended sentence, concluding defendant failed to file a Rule 3:21-10 motion seeking relief. The PCR court also found Rule 3:22-4 precluded the court from granting relief.

We granted defendant's motion to file an appeal out of time.

II.

Defendant raises the following arguments for our consideration:

> POINT I
>
> DEFENDANT IS ENTITLED TO PCR BECAUSE HE WAS NOT PROPERLY ADVISED ABOUT FACING A PERIOD OF PAROLE INELIGIBILITY.
>
> POINT II

6

DEFENDANT IS ENTITLED TO COMPASSIONATE RELEASE PURSUANT TO RULE 3:21-10(B)(2) UPON COMPLETION OF HIS PAROLE INELIGIBILITY.

POINT III

THE FACTUAL BASIS FOR DEFENDANT'S GUILTY PLEA WAS INCOMPLETE EVEN THOUGH IT DID NOT ASCERTAIN FROM DEFENDANT THAT HE DID NOT POSSESS A RETIRED OFFICER'S PERMIT TO CARRY.

We review the PCR court's decision "to grant or deny a defendant's request for a[n evidentiary] hearing under an abuse of discretion standard." State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (citing State v. Russo, 333 N.J. Super. 119, 140 (App. Div. 2000)). "[W]e review de novo the PCR court's conclusions of law." Ibid. (citing State v. Nash, 212 N.J. 518, 541 (2013)). Where, as here, the court does not hold an evidentiary hearing on a PCR petition, we may review de novo the factual inferences the trial judge drew from the documentary record. Id. at 361 (citing State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014)).

A.

Having reviewed the record and considering the applicable legal standards, we are unpersuaded by defendant's arguments and affirm

7

substantially for the reasons set forth by the PCR court in its well-reasoned written decision.

Defendant argues his attorney rendered ineffective counsel by failing to properly advise him that in accepting the plea agreement, he faced a forty-two-month period of parole ineligibility. Defendant's arguments are unconvincing as the record establishes that both the court and counsel advised him of the potential sentencing exposure in accepting the plea agreement.

To establish a prima facie case of IAC, a defendant must meet the well-established two-prong test articulated in Strickland and Fritz requiring defendant to show that counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58. To satisfy the first Strickland/Fritz prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

The right to effective assistance of counsel "extends to the plea-bargaining process." Lafler v. Cooper, 566 U.S. 156, 162 (2012); see also Hill v. Lockhart, 474 U.S. 52, 57 (1985) (finding the two-part Strickland test also applies "to ineffective-assistance claims arising out of the plea process"). The defendant must demonstrate that but for counsel's errors, they would not have entered a guilty plea, but rather would have taken the matter to trial. State v. DiFrisco, 137 N.J. 434, 457 (1994).

The court should not upset a conviction "solely because of [a defendant's] post hoc assertions . . . about how he would have pleaded but for his attorney's deficiencies." Lee v. U.S., 582 U.S. 357, 369 (2017). Rather, the court must consider "contemporaneous evidence to substantiate a defendant's expressed preferences." Ibid.; see also Missouri v. Frye, 566 U.S. 134, 147 (2012) (holding that "[t]o show prejudice from [IAC] where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel").

"Plea counsel's performance will not be deemed deficient if counsel has provided the defendant 'correct information concerning all of the relevant

material consequences that flow from such a plea.'" State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (quoting State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012)). "Stated another way, counsel must not 'provide misleading, material information that results in an uninformed plea.'" Ibid. (quoting State v. Gaitan, 209 N.J. 339, 353 (2012)).

We conclude on de novo review defendant does not satisfy the first Strickland/Fritz prong. Before defendant accepted the plea, the State denied defendant's initial Graves Act waiver request, finding "an absence of any serious injustice that overrides the need to deter others from unlawfully possessing a handgun." Defendant argues in his merits brief, "[b]ased upon information supplied by [trial] counsel, defendant . . . was reasonably certain that he would obtain a Graves Act waiver." Defendant does not certify or proffer what "information" trial counsel supposedly supplied to him, nor does the record show that trial counsel convinced defendant to take the plea relying on a subsequent waiver being granted. In fact, the record suggests the opposite.

Defendant also confirmed on the record he signed the plea agreement form and supplemental plea form for Graves Act Offenses, acknowledging he understood he would be subject to a minimum term of incarceration before

becoming eligible for parole. During the plea allocution, defendant told the trial court he understood English, and that his medications did not impact his mental capacity.

Since defendant failed to establish plea counsel's representation fell below the objectively reasonable standard required under the first Strickland/Fritz prong, our analysis of defendant's IAC claim need not proceed further.

B.

We are unpersuaded by defendant's argument that he is entitled to a remand and evidentiary hearing so he can request compassionate release pursuant to Rule 3:21-10(b)(2), which "provides for the amendment of a 'custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant.'" State v. Priester, 99 N.J. 123, 128 (1985) (quoting R. 3:21-10(b)(2)). Defendant cannot seek relief under Rule 3:21-10(b)(2) until he serves the Graves Act portion of his sentence. R. 3:21-10(b)(2); see also State v. Chavies, 247 N.J. 245, 250 (2021) ("[A]llowing defendants to proceed with a Rule 3:21-10(b)(2) motion prior to serving that 85% [required by the No Early Release Act] would circumvent the Legislature's objectives and its approach to violent crimes."). No remand is necessary for defendant to seek

11

timely relief.

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0581-23