**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0235-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEYDER W. LOPEZ-
SANDOVAL, a/k/a JEYDER W.
LOPEZ, JEYDER W.
SANDOVAL, JEYDER W.
LOPEZSANDOVAL, and
JEYDER LOPEZ SANDOVAL,

     Defendant-Appellant.

_____

Submitted November 19, 2024 – Decided March 4, 2025

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 18-09-0562.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor,

of counsel and on the brief).

PER CURIAM

Defendant Jeyder Lopez Sandoval appeals from the August 23, 2023, Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean these facts from the record. Defendant was charged in a Union County indictment with second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:15-1(a)(2) (count one); first-degree armed robbery, N.J.S.A. 2C:15-1(a)(2) (count two); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count three); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count four).

The charges stemmed from a June 22, 2018, robbery involving defendant and two codefendants, Jesus Caraballo and an unidentified juvenile. The three agreed to commit an armed robbery and drove around in Caraballo's car until they identified a victim. After defendant and the juvenile exited the vehicle and approached the victim, the juvenile brandished a handgun and took the victim's possessions.

On April 17, 2019, defendant entered a negotiated guilty plea to count one (conspiracy to commit robbery). Under the terms of the plea agreement, in exchange for providing truthful testimony at any trial of his codefendants, the State agreed to recommend a sentence of seven years in prison, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defense counsel was free to argue for a five-year NERA term at sentencing.

On the plea form, defendant indicated he was a noncitizen, knew he could be deported and not allowed to re-enter the country by pleading guilty, and had consulted immigration counsel about the consequences of his plea. During the plea hearing, defendant told the judge he had voluntarily completed, initialed, and signed the plea form after reading it in its entirety and his plea counsel had taken "sufficient time to answer all [his] questions." Defendant also confirmed he had consulted an immigration attorney, was satisfied with that attorney's advice, was entering the plea with the knowledge that he would be deported, and was satisfied with his plea counsel's representation. Plea counsel verified for the judge that defendant had consulted an immigration attorney.

Critically, during the plea colloquy, the following exchange occurred between the judge and defendant:

[THE COURT]: You understand, sir, that by pleading guilty to this charge it is <u>certain</u> that you will be deported from the United States?

[DEFENDANT]: Yes, I understand.

[THE COURT]: And that you will not be able to come back to the United States. Do you understand that?

[DEFENDANT]: I understand.

[(Emphasis added).]

Defendant only asked for clarification once during the plea hearing, when the judge asked him if he was on probation or parole. He did not have any questions about the immigration consequences of his plea. In providing a factual basis for the plea, defendant admitted he planned to commit an armed robbery with his two codefendants and participated in the robbery by threatening the victim. After ensuring compliance with <u>Rule</u> 3:9-2, governing the entry of guilty pleas, the judge accepted defendant's guilty plea. The judge found defendant entered his plea "knowingly, intelligently and voluntarily," and that defendant had a full understanding of "the nature of the charges" and "the consequences of his plea."

On December 20, 2019, the judge sentenced defendant to five years in prison, subject to NERA. At the sentencing hearing, defense counsel confirmed the presentence report accurately reflected defendant was already detained by

the immigration authorities and had signed the appropriate paperwork to be deported after serving his sentence.

Defendant did not file a direct appeal. However, defendant filed a timely PCR petition, which was later supplemented by assigned counsel. In his petition, defendant asserted his attorney was ineffective by failing to "advise[ him] of the immigration consequences of [his] guilty plea." In fact, defendant certified his plea counsel had "assured [him] off the record [he] would not be deported as a result of [his] plea." He averred he "had never" consulted "immigration counsel" and only told the court he had because his plea counsel "explained that [he] needed to." Defendant swore he would not have pleaded guilty had he "not been misinformed" about the immigration consequences and would have instead gone to trial.

Following oral argument, the PCR judge entered an order on August 23, 2023, denying defendant's petition without an evidentiary hearing. In an accompanying written decision, the judge reviewed the factual background and procedural history of the case, applied the governing legal principles, and concluded defendant failed to establish a prima facie claim of ineffective assistance of counsel (IAC).

A-0235-23

Specifically, after examining the plea form and the plea transcript, the judge found defendant's claims were belied by the record. The judge explained:

> [B]efore accepting [d]efendant's plea, [the plea judge] questioned . . . [d]efendant, at length, to make sure he fully understood the consequences of his plea. In addition, he confirmed with [d]efendant's trial counsel that [d]efendant had consulted with an immigration attorney and . . . was fully aware of the consequences his plea would have on the pending deportation proceeding that was certain to take place due to the [immigration] detainer . . . lodged against defendant.

Therefore, the PCR judge concluded the record "establishe[d] that [d]efendant was not only [made] aware he <u>could</u> be deported if he pleaded guilty[,] . . . but was made aware that he <u>would</u> be deported" if he pleaded guilty. As a result, she also concluded that defendant was not entitled to an evidentiary hearing. This appeal followed.

On appeal, defendant raises the following single point for our consideration:

> AS DEFENDANT WAS NOT ADVISED ABOUT IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA, HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO THE ASSISTANCE OF COUNSEL AND THE RIGHT TO A FAIR TRIAL.

We begin by setting out guideposts that inform our review. "[W]e review

6

under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo," and "[w]e also review de novo the court's conclusions of law." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)); see also R. 3:22-10(e)(2) (providing that "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory or speculative"). Indeed, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997).

"To establish a prima facie case, [a] defendant must demonstrate a

reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b). To establish a prima facie IAC claim, defendants must demonstrate "by a preponderance of the credible evidence," State v. Echols, 199 N.J. 344, 357 (2009), that their attorneys' performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and adopted in State v. Fritz, 105 N.J. 42, 49-58 (1987), and that the outcome would have been different without the purported deficient performance. Stated differently, a defendant must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

For IAC claims arising from a guilty plea,

> [p]lea counsel's performance will not be deemed deficient if counsel has provided the defendant "correct information concerning all of the relevant material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012) (citing State v. Nuñez-Valdez, 200 N.J. 129, 138, 140 (2009)). Stated another way, counsel must not "'provide misleading, material information that results in an uninformed plea.'" State v. Gaitan, 209 N.J. 339, 353 (2012) (quoting Nuñez-Valdez, 200 N.J. at 140).
>
> [State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (citation reformatted).]

However, when representing a noncitizen criminal defendant, "a defense attorney is required to address, in some manner, the risk of immigration consequences" of a guilty plea. Blake, 444 N.J. Super. at 295 (citing Padilla v. Kentucky, 559 U.S. 356, 367 (2010)). When the law pertaining to mandatory deportation is "succinct, clear, and explicit," a failure to inform the defendant of this risk satisfies the first prong of Strickland. Padilla, 559 U.S. at 368-69. Defense attorneys "must also advise clients to seek immigration counseling." Blake, 444 N.J. Super. at 296 (citing Gaitan, 209 N.J. at 381).

To establish the prejudice prong to set aside a guilty plea based on IAC, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have [pleaded] guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (first alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To that end, "'a [defendant] must convince the court that a decision to reject the plea bargain'" and "insist on going to trial" would have been "'rational under the circumstances.'" State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla, 559 U.S. at 372). That determination should be "based on evidence, not speculation." Ibid.

Failure to meet either prong of the two-pronged Strickland/Fritz test

A-0235-23

results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012) (citing Echols, 199 N.J. at 358). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." Gaitan, 209 N.J. at 350 (citation omitted) (citing Strickland, 466 U.S. at 697).

Applying these principles, we agree with the PCR judge that defendant failed to establish a prima facie IAC claim, we discern no abuse of discretion in the judge's denial of defendant's PCR petition without an evidentiary hearing, and we affirm substantially for the reasons stated in the judge's cogent written decision. As the judge astutely explained, defendant's claims are belied by the record and although he now claims to the contrary, "[s]olemn declarations in open court carry a strong presumption of verity." State v. Simon, 161 N.J. 416, 444 (1999) (alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-0235-23