**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1305-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARK W. LYCZAK,

     Defendant-Appellant.

_____

Submitted June 3, 2025 – Decided June 23, 2025

Before Judges Gooden Brown and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-05-1111.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mark Lyczak appeals from the July 19, 2023 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2018, a Camden County Grand Jury returned an indictment charging defendant with two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) to (2) (counts one and two); one count of first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a)(1) (count three); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count four); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count five); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count six); and fourth-degree criminal contempt of a domestic violence restraining order, N.J.S.A. 2C:29-9(b)(1) (count seven).

The charges stemmed from events that took place on December 30, 2017, when defendant stabbed three women, two of whom died from the stab wounds. One decedent was defendant's former girlfriend, and the other was her sister. Defendant entered into a negotiated plea agreement whereby he pled guilty to counts one, two, and four, in exchange for the State's dismissal of the remaining counts and recommendation of an aggregate sentence of forty-seven years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant

received the recommended sentence in 2019, which encompassed three concurrent terms. Defendant appealed his sentence, and we affirmed on our Sentencing Oral Argument calendar pursuant to Rule 2:9-11.

Thereafter, defendant filed a timely PCR petition in which he asserted he was denied the effective assistance of counsel because plea counsel failed to provide him with complete discovery, including minutes of the grand jury proceedings, the indictment, the list of potential witnesses and their statements, and autopsy reports. Defendant asserted that as a result, his plea "was entered unknowingly and unintelligently." With the assistance of assigned counsel, defendant later argued that the withheld discovery would have supported a passion provocation defense.

Following oral argument, the PCR judge denied defendant's petition without an evidentiary hearing. In an oral opinion, the judge stated that even if defendant established his attorney's performance was deficient to meet the first Strickland/Fritz[1] prong, "consider[ing] [defendant's allegation] in a light most favorable to him," he failed to establish prejudice to meet the second prong. Specifically, the judge determined that defendant failed to demonstrate "a

---

[1] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

3

reasonable probability that but for counsel's unprofessional errors the result[] of the proceeding would have been different" as defendant failed "to show . . . that the outcome of the plea process would have been different with competent advice." The judge explained that defendant knew "he was getting a [favorable] plea agreement" and that "if [he] had gone to trial and been convicted," his sentence would probably "have been consecutive sentence[s]" and would have been "longer." The judge therefore concluded that an evidentiary hearing was unwarranted.

On appeal, defendant raises the following single point for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL PRETRIAL BY FAILING TO PROVIDE DISCOVERY BECAUSE, AS A RESULT, [DEFENDANT] MADE AN UNKNOWING PLEA, HIS PLEA DEAL WAS HIGHER THAN IT SHOULD HAVE BEEN, AND HE DID NOT OTHERWISE GO TO TRIAL.

We begin by setting out the guideposts that inform our review. We "review the legal conclusions of a PCR judge de novo," State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010), but "review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary

hearing," State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 421 (2004)).

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)); see also R. 3:22-10(e)(2) (providing that "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory or speculative"). Indeed, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." Brewster, 429 N.J. Super. at 401 (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

"To establish a prima facie case, [a] defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light

most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b). Moreover, a defendant must make this showing "by a preponderance of the credible evidence." State v. Goodwin, 173 N.J. 583, 593 (2002).

Rule 3:22-2 recognizes five cognizable grounds for PCR, including a "[s]ubstantial denial in the conviction proceedings of [a] defendant's [constitutional] rights," R. 3:22-2(a), which encompasses the right to the effective assistance of counsel at issue in this appeal, State v. Nash, 212 N.J. 518, 541-42 (2013). To establish a prima facie claim of the denial of the effective assistance of counsel as contemplated under Rule 3:22-2(a), a defendant must demonstrate that the performance of counsel fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and adopted in State v. Fritz, 105 N.J. 42, 49-58 (1987), and that the outcome would have been different without the purported deficient performance. Stated differently, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

To satisfy the first prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's representation fell

below an objective standard of reasonableness."  Strickland, 466 U.S. at 687-88.

"[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."  Id. at 689.  As such, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

To satisfy the second prong, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached."  State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694).  This prong generally requires that a defendant establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

In the context of a guilty plea, to satisfy the second prong,

> the defendant must establish a reasonable probability that he or she would not have pled guilty but for counsel's errors.  State v. Gaitan, 209 N.J. 339, 351 (2012).  Thus, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

7

[State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (citations reformatted).]

Stated differently, to set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In that regard, "[s]olemn declarations in open court carry a strong presumption of verity." State v. Simon, 161 N.J. 416, 444 (1999) (alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Failure to meet either prong of the two-pronged Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012) (citing State v. Echols, 199 N.J. 344, 358 (2009)). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." Gaitan, 209 N.J. at 350 (citation omitted) (citing Strickland, 466 U.S. at 697).

Applying these principles, we agree with the PCR judge that defendant failed to establish the prejudice prong of the Strickland/Fritz test. Defendant has not even averred that but for counsel's errors, he would not have pled guilty

8

and would have insisted on going to trial,[2] or that it would have been rational for him to have done so under the circumstances. Instead, defendant claims that had he been provided complete discovery, he would have obtained a better plea deal. However, mere dissatisfaction with a plea bargain does not present a cognizable claim for PCR. See Vanness, 474 N.J. Super. at 624 ("Plea counsel's performance will not be deemed deficient if counsel has provided the defendant 'correct information concerning all of the relevant material consequences that flow from such a plea.'" (quoting State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012))). Even after receiving and reviewing all the discovery, defendant still provides no competent evidence to support his claim that he could have obtained a better plea offer. Marshall, 148 N.J. at 270 ("PCR 'is not a device for investigating possible claims, but a means for vindicating actual claims.'" (quoting People v. Gonzalez, 800 P.2d 1159, 1206 (Cal. 1990))). We therefore discern no abuse of discretion in the judge's denial of defendant's PCR petition without an evidentiary hearing

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

---

[2] Although defendant argues in his merits brief that plea counsel's failure to provide him with complete discovery led him to enter a negotiated guilty plea "when he otherwise would have gone to trial," an argument is not a substitute for a sworn statement which carries "a strong presumption of verity." Simon, 161 N.J. at 444 (quoting Blackledge, 431 U.S. at 74).

A-1305-23