**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3594-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARLON D. PEEK,

    Defendant-Appellant.

_____

Submitted April 9, 2025 – Decided July 10, 2025

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 14-06-0417.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

John P. McDonald, Somerset County Prosecutor, attorney for respondent (Alyssa N. Biamonte, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marlon D. Peek appeals from a June 2, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our careful review of the record and the application of well-established law, we conclude defendant failed to establish a prima facie claim for ineffective assistance of trial counsel and affirm.

In June 2014, a Somerset County grand jury returned an eight-count indictment against defendant. The indictment charged defendant with: two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(2), three counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), one count of third-degree shoplifting, N.J.S.A. 2C:20-11(b)(1), one count of third-degree conspiracy to commit shoplifting, N.J.S.A. 2C:5-2(a) and N.J.S.A. 2C:20-11(b)(1), and one count of fourth-degree possession of a synthetic cannabinoid, N.J.S.A. 2C:35-5.3(c). In addition, defendant was charged with a disorderly persons offense for criminal mischief, N.J.S.A. 2C:17-3(a)(1). The offenses stemmed from incidents occurring on April 17, 23, and 29, 2014.

"[O]n December 2[1], 2015, while released from the Somerset County [j]ail on bail, [defendant] was charged by the United States Attorney's Office . . . in a [seventeen]-count indictment for new offenses." Under the federal indictment, defendant

was charged with seven counts of [b]ank [r]obbery, . . . 18 U.S.C. 2113[(A)], one count of [c]arjacking, . . . 18 U.S.C. 2119(1), one count of [a]ttempted [b]ank [r]obbery with a [d]angerous [w]eapon, . . . 18 U.S.C. 2113(A) and (D), four counts of [b]randishing a [f]irearm in [f]urtherance of a [c]rime of [v]iolence, . . . 18 U.S.C. 924(C)(l)(A[)](ii), three counts of [a]ttempted [c]arjacking, . . . 18 U.S.C. 2119(A), and one count of [f]orced [a]ccompaniment in [a]ttempting to [a]void [a]pprehension for [b]ank [r]obbery, . . . 18 U.S.C. 2113(E).

In the federal matter, defendant underwent three competency evaluations. An evaluation in January 2016 determined his competency was "impaired" and "compromised"; in September 2016, he was found "not competent to stand trial"; and in February 2017, he was found "to be competent."

On March 15, 2018, defendant entered a guilty plea in the state matter. The prosecutor indicated defendant was entering a guilty plea to counts one through seven. In exchange, the State agreed to recommend a sentence of thirteen years subject to the No Early Release Act (NERA).[1] Defendant's sentence would be imposed after he was sentenced on the federal charges and would run concurrent to the federal sentence.

Our review of the plea transcript reveals that defendant stated he was not forced or coerced into pleading guilty, there was no duress in making the plea,

---

[1] N.J.S.A. 2C:43-7.2.

and he was acting freely and voluntarily. In addition, defendant said he was satisfied with trial counsel's services and that trial counsel was available to answer all of his questions. Further, defendant confirmed he reviewed the plea form, question by question, with trial counsel and initialed each page and signed the form. On the plea form, defendant stated he was "satisfied with the advice [he] . . . received from" trial counsel and had no "questions concerning []his plea."

Further, the plea transcript reveals the following exchange between defendant and trial counsel:

> Q. . . . I have represented you for quite some time with respect to this matter, also a matter in Middlesex County. Correct?
>
> A. Yes.
>
> Q. And we've had the opportunity to review all of the discovery. Correct?
>
> A. Yes.
>
> Q. And, initially, and during a lot of the pendency of this litigation there were issues of competency that had to be resolved both here and in federal court.
>
> A. Yes.
>
> Q. Correct? And you're not taking any medication today to make it difficult for you to think clearly or understand what's going on. Correct?

4

A. Correct.

Q. And do you have any other questions of me or anyone else here before I continue?

A. No, sir.

Defendant stated he understood the maximum number of years he could be sentenced to for all the state charges was sixty years. He also indicated he understood the State agreed to a thirteen-year term of incarceration subject to NERA and he would have to serve eighty-five percent of the term to run concurrent with whatever federal sentence was imposed.

The matter returned to court on August 17, 2018, for sentencing. By this time, defendant had been sentenced on the federal charges. The prosecutor and trial counsel requested the trial court sentence defendant in accordance with the plea deal. Trial counsel noted there "was a rather lengthy negotiation process"; the "deal is fair"; and it provided defendant "the opportunity to serve" the federal and state sentences concurrently. Defendant chose not to address the court on his own behalf. The trial court found aggravating factors three, six, and nine and no mitigating factors.[2] The court found the aggravating factors outweighed the mitigating factors and sentenced defendant in accordance with the plea deal.

_____

[2] N.J.S.A. 2C:44-1(b).

5

In July 2020, defendant filed a pro se petition for PCR supported by a counselled brief. Defendant contended trial "counsel failed to petition the court to have [him] undergo a psychological evaluation . . . after he was informed by the federal court that [he] had recently failed a competency exam on [two] prior occasions, [a]nd that [he] was taking antipsychotic drugs for a delusional disorder" and "counsel . . . ignored [his] request to conduct a possible insanity defense." Further, defendant asserted that "[h]ad it not been for [his] counsel's deficient performance, . . . and his failure to conduct an investigation into a possible insanity defense, [he] most certainly would not have pleaded guilty."

The PCR court considered the parties' written submissions and heard their oral arguments on June 1, 2023. The next day, the court executed an order denying PCR without an evidentiary hearing. In an accompanying ten-page written decision, the court considered the: (1) federal proceedings, including the competency evaluations; (2) facts surrounding the state charges; and (3) parties' arguments. The court stated it had "not been provided any evidence that defendant made a request for a psychological evaluation in his [state] case, that [c]ounsel failed to fulfill such request, that a psychological evaluation was necessary, or that a psychological evaluation would have impacted the plea-bargaining process."

6

Although recognizing defendant underwent federal competency evaluations, the trial court stated it did "not have any evidence to support a finding that defendant was insane, or that he intended to raise insanity as a defense in . . . the . . . [state] case."

Further, the court stated "trial counsel advocated for a delay in the [state] case while the competency hearing was pending at the [f]ederal level. In doing so, trial counsel was successful in advocating for an extremely generous plea offer and concurrent sentence."

The trial court considered defendant's argument, raised at oral argument but not included in the briefs, that trial counsel's representation was deficient because counsel failed to argue the existence of mitigating factor N.J.S.A. 2C:44-1(b)(12). Defendant contended he "cooperated with two different [p]rosecutor's [o]ffices during the pendency of his case, and that his cooperation resulted in the State obtaining important evidence in various cases." Defendant asserted "he [wa]s entitled to [this mitigating factor] based on his decision to accept a plea in this case and [to] cooperate to avoid, trauma, cost, and the time of trial." Moreover, defendant contended counsel's failure "resulted in an excessive sentence." The trial court found defendant's argument was "without merit." The court concluded there was no evidence of defendant's cooperation.

7

Further, the court was not convinced the trial court "would have found [the] factor" or "the sentence would have been reduced."

The trial court determined defendant "failed to raise a [p]rima [f]acie claim for [i]neffective [a]ssistance of [c]ounsel" and denied defendant's petition for PCR without an evidentiary hearing.

On appeal, the following argument is raised for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL PRETRIAL BY FAILING TO PURSUE AN INSANITY DEFENSE AND AT SENTENCING BY FAILING TO ARGUE FOR MITIGATING FACTOR N.J.S.A. 2C:44-1[(b)](12), THAT [DEFENDANT] COOPERATED WITH LAW ENFORCEMENT.

Defendant contends: (1) he "told counsel that he wanted to pursue an insanity defense because of his mental state at the time of the offenses" and "[b]ut for counsel's failure to investigate an insanity defense, he would not have pled guilty"; and (2) "counsel failed to argue adequately at sentencing, resulting in a higher sentence than what could have been imposed" because "counsel failed to advocate for mitigating factor N.J.S.A. 2C:44-1[(b)](12)" as defendant "cooperated with law enforcement, as he took full responsibility for his actions."

 A-3594-22

We begin our discussion with a review of the principles governing our analysis. PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). PCR "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

"A petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). "Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10). "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' . . . rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (second alteration in original) (quoting Strickland v. Washington, 466 U.S. 668, 685-86 (1984)).

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

[Strickland, 466 U.S. at 687.]

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Hannah, 248 N.J. 148, 180 (2021) (quoting Strickland, 466 U.S. at 689). Moreover, "[p]rejudice is not to be presumed." Gideon, 244 N.J. at 551 (quoting State v. Fritz, 105 N.J. 42, 52 (1987)).

"A petitioner must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions [and] R[ule] 3:22-10 recognizes judicial discretion to conduct such hearings." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Nevertheless, "trial courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has

presented a prima facie claim in support of" PCR. <u>Preciose</u>, 129 N.J. at 462. "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." <u>Id.</u> at 462-63. However, a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." <u>Cummings</u>, 321 N.J. Super. at 170. "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." <u>State v. Aburoumi</u>, 464 N.J. Super. 326, 338 (App. Div. 2020).

## I.

Defendant's first argument implicates counsel's assistance in two respects: (A) the failure to investigate and pursue an insanity defense and (B) his acceptance of the plea.

## A.

When a defendant "claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." <u>Cummings</u>, 321 N.J. Super. at 170.

Defendant fails to provide affidavits or certifications. Instead, defendant baldly asserts "he had failed two competency exams and was taking antipsychotic drugs." He contends "it is likely that [he] was not in his right mind at the time of the offenses due to his psychiatric disorders."

However, absent from his argument is any evidence that the 2016 competency evaluations were relevant to his conduct in 2014.[3] Further, defendant's contention regarding his drug use is unsupported and not correlated to his 2014 behaviors. Moreover, there is no evidence defendant suffered from "psychiatric disorders" in 2014. Finally, defendant's declarations in open court—he was satisfied with trial counsel, trial counsel answered all his questions, he reviewed discovery with counsel—all undermine the notion that he had other expectations of counsel. See State v. Simon, 161 N.J. 416, 444

---

[3] N.J.S.A. 2C:4-1 provides:

> A person is not criminally responsible for conduct if at the time of such conduct he was laboring under such a defect of reason, from disease of the mind as not to know the nature and quality of the act he was doing, or if he did know it, that he did not know what he was doing was wrong. Insanity is an affirmative defense which must be proved by a preponderance of the evidence.
>
> [(Emphasis added).]

(1999) ("[S]olemn declarations in open court carry a strong presumption of verity.") (internal quotation marks omitted) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Therefore, defendant has failed to establish, prima facie, trial counsel's representation was deficient in failing to investigate or pursue an insanity defense.

## B.

"The United States Supreme Court has applied the Strickland test to challenges of guilty pleas based on ineffective assistance of counsel." State v. DiFrisco, 137 N.J. 434, 456 (1994); see also Hill v. Lockhart, 474 U.S. 52, 58 (1958).

> To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not "within the range of competence demanded of attorneys in criminal cases," and (ii) "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."
>
> [DiFrisco, 137 N.J. at 457 (alteration in original) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); and then quoting Hill, 474 U.S. at 59).]

When a guilty plea is contested, counsel's performance is not deficient if "a defendant considering whether or not to plead guilty to an offense receives

correct information concerning all of the relevant material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012) (citing State v. Nuñez-Valdéz, 200 N.J. 129, 138 (2009)).

"[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Aburoumi, 464 N.J. Super. at 339 (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014)). A defendant's mere "bald assertion that he [or she] would not have pled" guilty is insufficient. State v. Gaitan, 209 N.J. 339, 376 (2012).

Defendant's representations during the plea hearing and on the plea form, bely any notion that he did not have accurate information or understand the consequence of his plea. See Agathis, 424 N.J. Super. at 22.

Moreover, for reasons already stated, we reject defendant's contention that counsel should have pursued an insanity defense and that the failure to do so "le[d] him to enter into a guilty plea which he otherwise would not have taken."

Given the sentence defendant was exposed to for the state charges, a rejection of the plea bargain would not have been rational, especially considering he was able to serve the state sentence concurrently with the federal sentence.

14

Therefore, we conclude defendant failed to establish prima facie a claim of ineffective assistance of counsel in his accepting the plea.

## II.

In defendant's second argument, he contends "counsel failed to advocate for mitigating factor N.J.S.A. 2C:44-1[(b)](12)" as defendant "cooperated with law enforcement, as he took full responsibility for his actions."

N.J.S.A. 2C:44-1(b)(12) provides: "In determining the appropriate sentence to be imposed on a person who has been convicted of an offense, the court may properly consider the following mitigating circumstances: The willingness of the defendant to cooperate with law enforcement authorities."

The State argues "[d]efendant has not shown any credible evidence that would have made it appropriate for the sentencing judge to have" applied this factor. The State contends defendant's argument that "pleading guilty and accepting criminal responsibility during a plea allocution constitutes a rational basis for finding mitigating factor 12[,] . . . is wholly without merit." We agree.

Trial counsel's representation was not deficient for failing to argue a non-existent mitigating factor.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15

A-3594-22