34 A.3d 1266

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
NICKOLAS AGATHIS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 13, 2011—Decided February 1, 2012.

Before Judges FUENTES, ASHRAFI and NUGENT.

*Alan L. Zegas* argued the cause for appellant (*Law Offices of Alan L. Zegas,* attorney; *Mr. Zegas, William Nossen* and *Terel L. Klein,* on the briefs).

*Meredith L. Balo,* Assistant Prosecutor, argued the cause for respondent (*Theodore J. Romankow,* Union County Prosecutor, attorney; *Ms. Balo,* on the brief).

The opinion of the court was delivered by

FUENTES, J.A.D.

Defendant Nickolas [1] Agathis appeals from the denial of his petition for post conviction relief (PCR). We reverse and remand for an evidentiary hearing.

Defendant pled guilty to the domestic violence offense of simple assault and was placed on probation conditioned upon forfeiting his firearms identification card. Relying on our Supreme Court's decision in *State v. Nunez–Valdez*, 200 *N.J.* 129, 975 *A.*2d 418 (2009), defendant argues he received ineffective assistance of counsel when his attorney incorrectly informed him that he could regain his firearms identification card after completing the term of probation. Stated differently, defendant claims he would not have agreed to plead guilty if he had known that by doing so, he would permanently forfeit his right to own and possess a firearm.

Guided by *Rule* 3:22–5, the PCR court denied defendant's petition without conducting an evidentiary hearing, concluding that it was bound by our earlier opinion affirming defendant's conviction on direct appeal. *State v. Agathis*, No. A–4939–05, 2007 *WL* 1574417 (N.J. App. Div. June 1, 2007). Relying on *State v. Heitzman*, 209 *N.J.Super.* 617, 622, 508 *A.*2d 1161 (App.Div.1986), *aff'd o.b.*, 107 *N.J.* 603, 527 *A.*2d 439 (1987), we held that the trial judge's failure to inform defendant that by pleading guilty he would be ineligible to obtain a new firearms identification card "does not require the vacation of the conviction because defendant's future ineligibility for obtainment of a firearms identification card is a collateral consequence of the plea." *Agathis, supra,* slip op. at 5.

We now reverse and remand. As the Court explained in *Nunez–Valdez*, "the issue is whether it is ineffective assistance of counsel for counsel to provide misleading, material information that results in an uninformed plea, and whether that occurred here." *Supra*, 200 *N.J.* at 139–40, 975 *A.*2d 418. Although the

---

[1] Incorrectly designated as Nicholas Agathis.

erroneous information provided by defense counsel in *Nunez–Valdez* concerned the defendant's deportation from this country, an arguably more significant consequence than the forfeiture of the right to a firearms identification card, the constitutional principle underpinning the Court's decision in *Nunez–Valdez* is likewise applicable in this case. Defendant had the right to receive correct legal advice from his attorney in matters material[2] to him in deciding to accept or reject the State's plea offer.

Thus, on remand, the PCR court must conduct an evidentiary hearing to determine whether defendant would not have pled guilty if he had been advised by his counsel that, by pleading guilty to the domestic violence offense of simple assault, he would be permanently barred from obtaining a firearms identification card.

I

On February 14, 2006, defendant, an attorney admitted to practice law in this State, was arrested and charged with committing an act of domestic violence against his wife. The police searched the marital residence and, as authorized by *N.J.S.A.* 2C:25–21(d)(1)(b), seized thirteen firearms and various type of ammunition. As a result, defendant was charged with third degree aggravated assault, *N.J.S.A.* 2C:12–1(b)(7), and fourth degree unlawful possession of hollow point bullets, *N.J.S.A.* 2C:39–3(f)(1).

Defendant retained an attorney to represent him in this criminal matter. Some time after the initial arraignment, defense counsel informed defendant that the State had made a plea offer.

---

2 Although not dispositive to our analysis, we note that in *District of Columbia v. Heller*, 554 *U.S.* 570, 128 *S.Ct.* 2783, 171 *L.Ed.*2d 637 (2008), the United State Supreme Court construed the Second Amendment to the United States Constitution as guaranteeing an individual's right to possess and carry weapons in case of self defense. In *McDonald v. City of Chicago*, 561 *U.S.* ——, 130 *S.Ct.* 3020, 177 *L.Ed.*2d 894 (2010), the Court made that right applicable to the states through the Fourteenth Amendment.

Under the terms of the plea offer, defendant would be required to plead guilty to an amended charge of a disorderly person offense of simple assault, *N.J.S.A.* 2C:12–1(a), and the State agreed to dismiss the charge of possession of hollow point bullets. As to his sentence, the State would recommend a non-custodial term of probation, conditioned upon defendant successfully completing anger management counseling, and forfeiting all weapons seized from his home at the time of his arrest, as well as his firearms purchaser identification card.[3]

According to the certification submitted by defendant's original defense counsel in support of defendant's PCR petition, "[t]here were several factors that were weighed by [defendant], and discussed between he and I[sic], when he was considering the State's plea offer." The first concerned whether the conviction would jeopardize his status as an attorney. Second, because he owned at the time, and continues to this day to own a liquor store, defendant wanted his defense counsel to determine whether a conviction for simple assault "would affect his liquor license." As to defendant's eligibility to own firearms, defense counsel certified that

> as owner of a liquor store where he kept a firearm for his own protection, Mr. Agathis was concerned about the condition that he forfeit his firearms identification card. He asked me to inquire of the prosecutor and the Court whether this condition was permanent or whether he could reapply for a firearms identification card after he had completed the term of his probation.

According to defense counsel, the plea hearing was adjourned several times so that "these issues could be researched and resolved." Defense counsel further certified that he and the prosecutor met with the trial judge at an in-chambers conference in which the judge allegedly represented that defendant could reapply for an identification card after he completed his term of probation. However, there is only an oblique reference to these discussions in the record of the plea hearing.

> DEFENSE COUNSEL: ... We've had several discussions over the last few weeks about which way we would like to go on this, but it was never because [sic]

---

[3] *See N.J.S.A.* 2C:58–3(b).

[defendant] wasn't willing to accept responsibility for his actions. But there was [sic] other extenuating issues that complicated which way we went with this.

THE COURT: I recall our conference.

During the sentencing phase of the hearing, the court addressed defendant as follows:

I think this is a fair resolution of this matter, in light of what both sides have told me. I am going to place you on a period of probation for one year, with the condition that you complete the anger management program, and comply with all of other conditions of probation.

. . . .

You do have to forfeit all weapons that were seized, as well as the firearms identification card. *You're prohibited, of course, from applying [for] one during this period of probation.* (Emphasis added.)

Defense counsel certified that at the time he recommended to defendant to accept the State's plea offer, he was unaware that under *N.J.S.A.* 2C:58–3(c):

No handgun purchase permit or firearms purchaser identification card shall be issued:

(1) To any person who has been convicted of any crime, or a disorderly persons offense involving an act of domestic violence as defined in section 3 of P.L.1991, c. 261 (C.2C:25–19), whether or not armed with or possessing a weapon at the time of such offense. . . .

Sometime after he was sentenced, defendant learned that he would not be eligible for a firearms identification card after he completed his term of probation. Represented by a different attorney, defendant filed a direct appeal seeking to vacate his guilty plea and conviction. One of the grounds for relief in this appeal was that the trial judge misled defendant on the firearms identification card issue. As indicated earlier, we affirmed defendant's conviction on the ground that the trial court did not err by failing to inform defendant of his inability to obtain a firearms identification card as a collateral consequence of his conviction.

In April 2008, defendant filed a petition for post-conviction relief alleging ineffective assistance of counsel. His petition was denied without an evidentiary hearing in November 2008 on the basis that it was procedurally barred under *Rule* 3:22–5.

## II

From this record defendant now appeals raising the following arguments.

POINT ONE

THE PCR COURT UTILIZED THE WRONG LEGAL FRAMEWORK IN DENYING DEFENDANT'S POST CONVICTION RELIEF PETITION.

POINT TWO

AGATHIS HAS DEMONSTRATED A PRIMA FACIE CASE OF INEFFEC-TIVE ASSISTANCE OF COUNSEL AND AN EVIDENTIARY HEARING IS THUS REQUIRED.

POINT THREE

ALTERNATIVELY, IF THE COURT IS INCLINED TO ENGAGE IN A PENAL VERSUS COLLATERAL CONSEQUENCE ANALYSIS, DEFEN-DANT IS NONETHELESS ENTITLED TO HAVE HIS PLEA VACATED BECAUSE HIS RIGHT TO POSSESS A FIREARM IS A FUNDAMENTAL CONSTITUTIONAL RIGHT AND THE CURRENT PROHIBITION AGAINST POSSESSING A FIREARM DIRECTLY FOLLOWS FROM HIS DOMESTIC VIOLENCE SIMPLE ASSAULT CONVICTION.

We agree with defendant's position as expressed in argument Points One and Two. In *Nunez–Valdez,* the Court addressed a claim of ineffective assistance of counsel "based on [the] defendant's assertions that counsel provided misleading information on the consequences of a guilty plea. [The d]efendant contend[ed] that his attorneys told him to accept the plea offer in exchange for a probationary sentence and that the plea would not affect his immigration status." *Supra,* 200 *N.J.* at 137–38, 975 *A.*2d 418. In analyzing the constitutional implications of the defendant's claim, the Court rejected "the traditional dichotomy that turns on wheth-er. consequences of a plea are penal or collateral...." *Id.* at 138, 975 *A.*2d 418. The Court instead adopted an approach that ensures that a defendant considering whether or not to plead guilty to an offense receives correct information concerning all of the relevant material consequences that flow from such a plea. *Ibid.*

The *Nunez–Valdez* Court thus incorporated this principle in the traditional paradigm for determining whether a defendant has established a prima facie case of ineffective assistance of counsel:

When a guilty plea is part of the equation, we have explained that "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'"

[*Id.* at 139, 975 *A.*2d 418 (alteration in original) (quoting *State v. DiFrisco,* 137 *N.J.* 434, 457, 645 *A.*2d 734 (1994)).]

Applying these principles to the facts presented here, and in the context of this case where a statute clearly shows that defendant's conviction rendered him permanently ineligible to obtain a firearms identification card, defendant has shown that his trial counsel's performance fell below the standard expected of an attorney licensed to practice law in this State. Under these circumstances, the PCR court must determine whether " 'there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial.' " *Ibid.* (quoting *DiFrisco, supra,* 137 *N.J.* at 457, 645 *A.*2d 734).

This final determination requires the PCR court to conduct an evidentiary hearing as authorized by *Rule* 3:22–10. *State v. Preciose,* 129 *N.J.* 451, 462–63, 609 *A.*2d 1280 (1992). At this hearing, the court must determine whether the ability to own and legally possess a firearm was a material consideration for defendant in deciding whether to accept the State's plea offer. If the court finds that defendant would not have pled guilty if he had known that by doing so he would permanently forfeit his right to obtain a firearms identification card, his guilty plea cannot stand.

Reversed and remanded. We do not retain jurisdiction.