**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0260-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ZION MOORE,

     Defendant-Appellant.

_____

Submitted December 4, 2024 – Decided March 19, 2025

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 17-11-2407 and 18-08-1259.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

William Reynolds, Atlantic County Prosecutor, attorney for respondent (Kristen Pulkstenis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Zion Moore, appeals from the court's order of September 25, 2023, denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our careful review of the record and the application of well-established law, we conclude defendant failed to establish a claim for ineffective assistance of plea counsel and affirm.

To provide perspective, we start with defendant's status before he was indicted for the matters involved in this appeal. On March 3, 2017, defendant pled guilty and was sentenced to eight years, with an eighty-five percent period of parole ineligibility subject to the No Early Release Act, N.J.S.A. 2C:43-7.2 (NERA), for events that took place in August 2015.

Before that guilty plea, defendant had been arrested, in February 2017, for alleged criminal activity that occurred in October 2016 and December 2016. He was indicted for the October activity under indictment number 17-11-2407 and for the December activity under indictment number 17-08-1807.

In February 2018, the State emailed defendant's counsel with a "global plea offer" for both indictments. The email stated defendant would serve a total term of twenty years with a thirteen-year period of parole ineligibility subject to NERA. The sentences would be served concurrently but consecutive to defendant's 2017 sentence.

2

In April 2018, the State wrote a letter to defendant's counsel accepting certain aspects of defendant's counter plea offer. The State perceived some of defendant's counteroffer as an "illegal plea," but agreed to a plea that would provide for a total time of twenty-six years with a thirteen-year six-month period of parole ineligibility subject to NERA to run concurrent with his current sentence. The State noted "[t]here [wa]s a way to organize the counts that would result in the defendant serving only [seven-and-a-half] years parole ineligibility beyond what he[ wa]s currently serving. Said another way, he[ wa]s getting both current cases for an extra" seven-and-a-half years.

In August 2018, defendant appeared in court to enter his plea. At the time, he was under indictment number 17-11-2407: (1) first-degree gang criminality, N.J.S.A. 2C:33-29; (2) second-degree aggravated assault attempting or causing serious bodily harm, N.J.S.A. 2C:12-1b(1); (3) second-degree attempted serious bodily injury, N.J.S.A. 2C:5-1/2C:12-1b(1); (4) fourth-degree aggravated assault by pointing a firearm N.J.S.A. 2C:12-1b(4); (5) second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5b; (6) second-degree conspiracy to commit unlawful possession of a handgun, N.J.S.A. 2C:5-2/2C:39-5b; (7) second-degree possession of a handgun for unlawful purposes, N.J.S.A. 2C:39-

A-0260-23

4a(1); and (8) second-degree possession of a handgun for unlawful purposes, a community gun, N.J.S.A. 2C:39-4a(2).

Further, indictment number 17-08-1807 was superseded that day by indictment number 18-08-1259. Under the superseding indictment, defendant was charged with: (1) second-degree conspiracy to commit carjacking and threatening occupants with bodily harm, N.J.S.A. 2C:5-1(a)(1)/2C:15-2a(2); (2) first-degree carjacking and threatening occupants with bodily injury, N.J.S.A. 2C:15-2a(2); (3) first-degree carjacking inflicting bodily injury or use of force against occupants, N.J.S.A. 2C:15-2a(1); (4) second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a(1); (5) second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5b(1); (6) fourth-degree aggravated assault pointing a firearm at another, N.J.S.A. 2C:12-1b(4); (7) fourth-degree theft by unlawful taking, N.J.S.A. 2C:20-3(A); and (8) second-degree unlawful possession of a handgun without a permit for organized criminal activity, N.J.S.A. 2C:39-5b(1).

As to indictment number 17-11-2407, defendant pled guilty to "count [one], gang criminality in the first-degree[ and] count [two], aggravated assault, serious bodily injury in the second-degree" and as to indictment number 18-08-

4

1259, he pled guilty "to count [two], carjacking in the first-degree[ and] count [four], unlawful possession of a handgun in the second-degree."

The State advised it was "recommending an aggregate term of [twenty-six] years [in] New Jersey [s]tate [p]rison, [thirteen years and six months] without parole." The "aggregate sentence, [wa]s to be served concurrently" with defendant's current sentence. The State acknowledged defendant "reserve[d the] right to prepare a sentencing memoranda, [and] argue for [a] lesser sentence."

Our review of the plea transcript reveals that defendant "underst[oo]d what[ wa]s happening" and the offenses to which he was pleading guilty. Further, defendant affirmed that he was "satisfied with [his] counsel and the plea arrangement described to the court." In addition, defendant affirmed that he was "pleading guilty voluntarily" and no one "forced or threatened [him] to plead guilty or enter into th[e] agreement."

Furthermore, defendant affirmed for the court that he understood he:

> face[d,] as a result of [his] plea, depending on [his]
> record, [and] assuming consecutive sentencing, to over
> [sixty] years of imprisonment. It could be consecutive
> to anything else that [he was] serving. [He] faced more
> time on some of the other charges in the indictment.
> The State, however, has agreed to recommend an
> aggregate sentence, that means a sentence altogether of
> [twenty-six] years with parole ineligibility of [thirteen]
> years, six months and that will run concurrent to the
> matter that [he was] presently serving, [he would] get

5

all applicable jail credits, [he was] going to reserve the right to submit a sentencing memorandum so that [he could] ask the court to consider other alternatives to the maximum that's being recommended and [he would] get a fair hearing on the subject at the time of sentencing, but the recommendation [he] should understand is [twenty-six years to serve thirteen]-and-a-half.

Defendant also acknowledged that he reviewed the plea form with plea counsel, had no questions for the court or for plea counsel about the form, and he "read and underst[oo]d the plea forms before [he] signed them." The plea form detailed the terms of the plea including the sentence the prosecutor "ha[d] agreed to recommend." Moreover, the plea form stated that defendant "reserve[d the] right to prepare [a] sentencing memorandum [and] argue for [a] lesser sentence." In addition, defendant indicated on the plea form that no "promises other than those mentioned on th[e] form, or any threats, [had] been made in order to cause [defendant] to plead guilty."

In November 2018, defendant appeared for sentencing. The State sought a "sentence in accordance with the plea agreement." The State argued the sentence was "extraordinarily fair" considering there were no mitigating factors and the presence of aggravating factors. Defendant's counsel argued there were mitigating factors, and the judge should "consider a lower sentence than the agreed upon sentence."

6

On his own behalf, defendant stated:

> I would like to say that I understand that the crimes that I committed were bad, but it ain't like because I'm locked up that crime is going to stop in Atlantic City just because of me . . . . I just feel this time is too much time for me to have [a thirteen] with a [twenty-six] a lot of time to be away.

The sentencing court found "[t]he aggravating factors . . . preponderate[d]. The plea bargain [wa]s in the interest of justice, it[ wa]s fair to both sides and represent[ed] a significant benefit to the defendant in capping his exposure. The court . . . impose[d] the recommended sentence."

In November 2019, defendant filed the petition for PCR. He certified that:

> With regard to [the August indictment] . . . my plea counsel initially told me that there was an offer of [ten] years (serve [eighty-five percent]) and that this sentence would run concurrent to another [eight] year (serve [eighty-five percent]) sentence that I was serving. I wanted to accept this offer and told my plea attorney that I wanted to accept this offer.
>
> For some unknown reason, when I was brought to [c]ourt, the above offer was not available and my plea lawyer forced me to take a [twenty-six] year (serve [thirteen-and-a-half] years) offer. Plea counsel made various off-the-record threats in order to ensure that I take this offer including threats that I would receive a longer sentence if convicted at trial. I did not want this offer and I was coerced into taking this offer by plea counsel.

7

A-0260-23

Defendant contended he "was denied the effective assistance of counsel in that counsel . . . failed to ensure the acceptance of a prior, lower negotiated sentence." Defendant sought an evidentiary hearing and to be "sentenced to [the] lower conveyed plea sentence."

On September 1, 2020, the petition was denied, and defendant filed an appeal of the denial. On appeal, the State sought and was granted permission to supplement the record with "correspondence between [d]efendant's . . . counsel and the State regarding a potential plea deal." In our order granting the State's motion, we:

> remand[ed] th[e] case to the [PCR] court to consider the supplemental materials and issue a new ruling on the merits, including whether to grant an evidentiary hearing, leaving it to the sound discretion of the trial court whether to allow additional briefing and oral argument on remand. We d[id] not retain jurisdiction.

On remand, the PCR court permitted additional briefing and oral argument. In a fourteen-page written opinion, the PCR court found "that the documents support[ed] the State's position that the State never extended an offer of a ten-year sentence" and since a ten-year sentence was not offered by the State at any time, plea "counsel was not ineffective for failing to implement same." The court concluded defendant's claim was a "bald assertion."

In addition, the PCR court concluded that defendant "ha[d] not shown that he was prejudiced by counsel's alleged deficient performance." The court found that defendant did "not demonstrate[] with specificity that he would have gone to trial instead of taking the twenty-six[-]year plea as offered." The court noted that defendant was "facing decades in prison on the offenses charged."

Moreover, finding that defendant "ha[d] not established a prima facie claim for ineffective assistance of counsel," the PCR court further concluded that defendant was "not entitled to an evidentiary hearing on the claims asserted."

In this appeal, defendant contends the PCR court erred in denying PCR and an evidentiary hearing because: (1) he "presented a prima facie case that his [plea] counsel was ineffective by failing to secure a [ten]-year plea deal that defendant had accepted, and by later coercing him into accepting a plea deal requiring a [twenty-six] year sentence"; and (2) he was prejudiced because "had counsel properly secured . . . the tendered plea offer of [ten] years, it is wholly reasonable to conclude that the court would have approved the plea agreement and defendant would have been sentenced to the lesser term of incarceration."

We begin our discussion with a review of the principles governing our analysis. PCR "is New Jersey's analogue to the federal writ of habeas corpus."

9

State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).  PCR "provide[s] a built-in 'safeguard that ensures that a defendant [is] not unjustly convicted.'"  State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

"A petitioner must establish the right to [PCR] by a preponderance of the credible evidence."  Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)).  "[T]rial courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of" PCR.  Id. at 462.  "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim."  Id. 462-63.

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo."  State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

"A petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey."  R. 3:22-2(a).  "Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense."  State v. Gideon, 244 N.J. 538, 549 (2021) (citing

U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10).  "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' . . . rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'"  Id. at 550 (second alteration in original) (quoting Strickland v. Washington, 466 U.S. 668, 685-86 (1984)).

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.
>
> [Strickland, 466 U.S. at 687.]

"The United States Supreme Court has applied the Strickland test to challenges of guilty pleas based on ineffective assistance of counsel."  State v. DiFrisco, 137 N.J. 434, 456 (1994); see also Hill v. Lockhart, 474 U.S. 52, 58 (1958).

> To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not "within the range of competence demanded of attorneys in criminal cases," and (ii) "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."
>
> [Id. at 457 (alteration in original) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); and then quoting Hill, 474 U.S. at 59).]

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Ibid. (quoting Strickland, 466 U.S. at 689).

When a guilty plea is contested, counsel's performance is not deficient if "a defendant considering whether or not to plead guilty to an offense receives correct information concerning all of the relevant material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012) (citing State v. Nuñez-Valdéz, 200 N.J. 129, 138 (2009)).

Moreover, "[p]rejudice is not to be presumed." Gideon, 244 N.J. at 551 (quoting State v. Fritz, 105 N.J. 42, 52 (1987)). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Aburoumi, 464 N.J. Super. at 339 (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014)). A defendant's mere

"bald assertion that he [or she] would not have pled" guilty is insufficient. State v. Gaitan, 209 N.J. 339, 376 (2012).

Applying these well-established legal standards and having carefully reviewed the record on appeal, we are convinced defendant failed to establish a prima facie right to an evidentiary hearing or PCR.

There is no evidence that the State ever offered defendant's counsel a ten-year plea deal. Indeed, the State flatly denies such an offer was ever made. Under these circumstances, defendant's contention that his counsel was ineffective for not securing such a plea falls well short of establishing a prima facie claim of ineffective assistance of counsel.

Further, defendant's contention that he was coerced into accepting the plea deal is belied by his testimony at the plea hearing and his statements on the plea form. Defendant stated his plea was voluntary and no one "forced or threatened [him] to plead guilty." Further, he stated he was "satisfied with [his] counsel and the plea arrangement described to the court."

Moreover, since there was no ineffective assistance of counsel, defendant cannot establish he was prejudiced. Defendant's assertion that he was prejudiced because he would have taken the non-existent ten-year plea deal is a non-starter.

Further, there is no evidence, given defendant's exposure, that he would have gone to trial rather than accept the plea.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

14