**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3550-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARQUIS N. MOSES, a/k/a
MARQUIS MOSES, and
MARQUIS REN,

     Defendant-Appellant.

_____

          Submitted February 5, 2026 – Decided April 22, 2026

          Before Judges Bishop-Thompson and Puglisi.

          On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 17-04-0216 and 21-05-0408.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

          Wayne Mello, Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, on the brief; Melanie Zelikovsky, participating pursuant to Rule 1:21-3(a), on the brief).

PER CURIAM

Defendant Marquis Moses appeals from a May 16, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

After jury selection began in February 2022, pursuant to a negotiated plea agreement, defendant pleaded guilty to third-degree possession of a controlled dangerous substance (heroin) with intent to distribute, N.J.S.A. 2C:35-5(a)(1), and second-degree certain persons not to possess a firearm, N.J.S.A. 2C:39-7(b)(1), under Indictment Number 17-04-00216 (0216). Defendant admitted while in Jersey City on October 20, 2016, he was in possession of a .40-caliber semiautomatic handgun for which he did not have a permit and seven bags of heroin intended for sale or distribution.

The court sentenced defendant to a seven-year term of incarceration for the heroin conviction and a concurrent five-year term for the certain persons conviction, subject to the Graves Act, N.J.S.A. 2C:43-6(c). The remaining counts under 0216 were dismissed. The court also dismissed Indictment Number 21-05-00408, in which defendant was charged with two offenses while confined in the Hudson County Correctional Facility: fourth-degree attempted possession of an electronic communication device, N.J.S.A. 2C:5-1(a)(1),

2

N.J.S.A. 2C:29-10(b); and fourth-degree conspiracy to possess an electronic communication device, N.J.S.A. 2C:5-2(a)(1), N.J.S.A. 2C:29-10(b).

Defendant did not pursue a direct appeal of his sentence. Instead, he filed a timely, self-represented PCR petition, asserting his sentence was illegal. In his supplemental petition, defendant raised several allegations: misconduct and misrepresentation by plea counsel; incorrect advice regarding COVID-19 credits; and contradictions concerning the controlling sentence, specifically the Department of Corrections (DOC) recognizes his seven-year term while the Parole Board applies the five-year term. Additionally, defendant requested the judgment of conviction be amended to reflect satisfaction of seven-year sentence, arguing he received 1,467 days (equivalent to four years and seven days) of jail credit at sentencing.

After PCR counsel was appointed, a supplemental brief was filed in support of defendant's petition. Defendant claimed plea counsel advised him, if he pleaded guilty, he would receive eight months' COVID-19 credit under the Emergency Health Powers Act, N.J.S.A. 26:13-1 to -36, 30:4-123.100; he was pressured into accepting the plea; and he did not believe his counsel would provide an adequate defense at trial.

A-3550-23

In its May 16, 2024 order, the PCR court denied defendant's petition. It was well-acquainted with the facts of the case, having overseen both defendant's trial and sentencing.

The court determined in a well-reasoned decision "[d]efendant had a full understanding of the penal consequences at the time of his plea, his decision to plead was not impacted by any misinformation, and he has not established prong one of the [] test" articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted in State v. Fritz, 105 N.J. 42, 58 (1987). It reviewed the plea transcript and noted defendant gave affirmative responses, under oath, to all the court's questions regarding his intent to plead guilty, the competent assistance provided by plea counsel, his waiver of a jury trial, his voluntary relinquishment of those rights, and no one forced or threatened him to enter the plea. Defendant allocuted to the plea and admitted to the factual basis supporting the charges. The court accepted his plea, satisfied defendant was entering it freely, knowingly, and voluntarily.

The court found defendant's claims—plea counsel improperly pressured him, withheld legal advice, and told him he had no choice but to plead guilty— were "nothing more than mere bald assertions." These claims were contradicted

4

by defendant's sworn testimony he was satisfied with counsel's services and not coerced to enter the guilty plea.

The court rejected defendant's contention plea counsel misadvised that he was guaranteed to receive COVID-19 credits, thereby coercing him into accepting the plea. As reflected in the trial transcript, defendant was "fully made aware" prior to entering his plea how COVID-19 credit system operated, and the court expedited his sentence to give him the best chance to receive these credits. Defendant was aware the application of the credits was within the discretion of the DOC. Therefore, defendant's decision to plead guilty was not influenced by any misinformation.

Defendant presents the following argument on appeal:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING HIM ABOUT HIS SENTENCE AND PRESSURING HIM INTO A PLEA.

When a PCR court does not conduct an evidentiary hearing, we review de novo "both the factual inferences drawn from the record" and the court's legal conclusions. State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025), certif. denied, 262 N.J. 410 (2026). A PCR court's decision to proceed without an

evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023).

When a defendant seeks relief on the grounds of ineffective assistance of counsel, they are required to satisfy the two-prong test enunciated in Strickland. 466 U.S. at 687. A defendant must demonstrate: (1)"counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Ibid.; Fritz, 105 N.J. at 58-60.

To set aside a guilty plea, a defendant must demonstrate: (1) counsel's performance was not "within the range of competence demanded of attorneys in criminal cases," and (2) "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); and then quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

"Plea counsel's performance will not be deemed deficient if counsel has provided the defendant 'correct information concerning all of the relevant material consequences that flow from such a plea.'" Vanness, 474 N.J. Super. at 624 (quoting State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012)). "Stated another way, counsel must not 'provide misleading, material information

that results in an uninformed plea.'" Ibid. (quoting State v. Gaitan, 209 N.J. 339, 353 (2012)) (internal quotation marks omitted).

The burden rests with defendant to establish entitlement to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). Guided by these principles, we conclude defendant failed to establish a prima facie claim of ineffective assistance of plea counsel.

Defendant presents no specific facts to support his assertion plea counsel misadvised him by guaranteeing COVID-19 sentencing credits. Moreover, he fails to demonstrate this alleged misadvice influenced his decision to plead guilty or resulted in the ineffective assistance of counsel. Both the trial and plea transcripts show defendant understood the award of COVID-19 credits was at the discretion of the DOC, and the court made efforts to provide him with an opportunity to obtain those credits after sentencing. The PCR court properly determined defendant's allegations amounted to nothing more than bald assertions of ineffective assistance of counsel. See State v. Holland, 449 N.J. Super. 427, 435 (App. Div. 2017). Based on our de novo review, we reach the same conclusion as the PCR court; defendant failed to establish either prong of the Strickland/Fritz test.

A-3550-23

Simply "raising a claim for PCR does not entitle a defendant to an evidentiary hearing." State v. L.G.-M., 462 N.J. Super. 357, 364 (App. Div. 2020). Defendant has not met the standard for granting a PCR hearing, which requires "there are material issues of disputed fact that cannot be resolved by reference to the existing record," or that "an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); see also L.G.-M., 462 N.J. Super. at 364-65. Accordingly, the PCR court did not abuse its discretion by denying the petition without conducting an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

8