**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1334-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MIGUEL A. DIAZ, a/k/a
MIGUEL N. DIAZ, and MIGUEL
DIAZ,

    Defendant-Appellant.

_____

Submitted May 13, 2026 – Decided June 11, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court, Law Division, Camden County, Indictment No. 16-02-0315.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Miguel A. Diaz appeals from an August 7, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our de novo review of the record and the application of well-established law, we conclude defendant failed to establish a prima facie case of ineffective assistance of counsel and affirm.

We glean the facts and procedural history from the record. In March 2016, a grand jury charged defendant with: third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7) (count one); first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) (count two); third-degree terroristic threats, N.J.S.A. 2C:12-3(b) (count three); first-degree tampering with witnesses, N.J.S.A. 2C:28-5(a) (count four); fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1) (count five); third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(2) (count six); and second-degree disturbing human remains, N.J.S.A. 2C:22-1(a)(1) (count seven).

On April 20, 2018, the parties appeared for a plea hearing. Defendant confirmed that he had struck "a woman named Susan Johnson with a heavy object"; "acted recklessly under circumstances manifesting an extreme indifference to the value of human life"; and caused her death. As a result of a negotiated plea, the parties agreed that defendant would plead to the second

count of the indictment and the State would dismiss all of the other counts at the time of sentencing. Further, the State agreed to recommend a sentence of twenty-seven years of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Because defendant was on probation at the time of the offense, he also pled guilty to the parole violation with the State's recommendation to have the sentence run concurrent with the sentence on the conviction on the second count.

During the plea hearing, defense counsel explained he had "gone over the plea [agreement] forms in full" with defendant. He stated defendant "underst[ood] fully . . . the nature of the charge" and that he was "entering the guilty plea of . . . aggravated manslaughter." Counsel explained he and defendant had reviewed "the plea forms in full" and defendant had understood "the nature of all the rights he[ was] waiving as part of that plea agreement."

The transcript of the plea hearing reveals the following colloquy between the court and defendant:

> [THE COURT:] . . . [H]ave you heard everything that the attorneys have just told me?
>
> [DEFENDANT:] Yes, sir.
>
> . . . .

A-1334-24

[THE COURT:] . . . [I]s that your understanding of the agreement?

[DEFENDANT:] Yes, Your Honor.

[THE COURT:] . . . [H]ave you had enough time to discuss this matter with [counsel]

[DEFENDANT:] Yes, sir.

[THE COURT:] . . . [W]e've been together for over a couple months now. Okay. Did [counsel] answer all your questions, sir?

[DEFENDANT] Yes, he did.

[THE COURT:] Are you satisfied with [counsel']s services to you, sir?

[DEFENDANT:] Yes, sir.

[THE COURT:] Now, did you and [counsel] go over the plea form that's on the table in front of you?

[DEFENDANT:] Yes, [w]e did.

[THE COURT:] Did you understand each of the questions, sir?

[DEFENDANT:] Yes, sir.

[THE COURT:] Did you give [counsel] truthful answers?

[DEFENDANT:] Yes, I did.

[THE COURT:] Did [counsel] write the answers as you gave them to him for you on the form?

4

A-1334-24

[DEFENDANT:] Yes, sir.

[THE COURT:] Did you review the answers after [counsel] wrote them for you?

[DEFENDANT:] Yes, sir.

[THE COURT:] And, finally, sir, did you sign and initial the pages --

[DEFENDANT:] Yes, sir.

[THE COURT:] -- certifying they are in fact your truthful answers?

[DEFENDANT:] Yes, sir.

Further, defendant acknowledged he was waiving his rights to a trial by pleading guilty and advised the court he understood those rights and had reviewed those rights with counsel.

The plea colloquy further reveals the following exchange between the court and defendant:

[THE COURT:] . . . Now, you told me you had enough time to discuss the matter with [counsel]?

[DEFENDANT:] Yeah, I did.

[THE COURT:] And, [counsel] answered all [of] your questions, sir?

[DEFENDANT:] Yes.

5

. . . .

[THE COURT:]  Now, has anyone forced you to plead guilty, sir?

[DEFENDANT:]  No.

[THE COURT:]  Anyone threaten you in any way?

[DEFENDANT:]  No.

[THE COURT:]  Have you take[n] any medication, any drugs, or alcohol, or anything that would affect your ability to think clearly here today?

[DEFENDANT:]  No.

[THE COURT:]  In other words, you understand exactly what you're doing by pleading guilty, sir?

[DEFENDANT:]  Yes.

On the plea form, defendant indicated he was "satisfied with the advice [he] . . . received from" counsel and he had no "questions concerning this plea."

In May 2018, the parties returned to court for sentencing.  Defendant's counsel requested the court "impose [the] sentence in accordance with the plea agreement."  Defendant "cho[]se to remain silent."

The court noted defendant was thirty-three years old.  The court stated it had reviewed the presentence report.  The court indicated defendant "had

6

substantial prior contact with the [criminal] court system" and "a substantial and substantive criminal history" that went "back a number of years."

In considering the appropriate sentence, the court assessed the aggravating and mitigating factors under N.J.S.A. 2C:44-1. Regarding aggravating factors, the court found defendant's criminal history "follow[ed] a theme" and "a pattern . . . of violence, [and] inability to control his temper." Thus, the court gave aggravating factor three, risk of re-offense, "great weight." In addition, the court determined defendant's criminal history included "extremely serious" offenses and gave aggravating factor six, the extent and seriousness of defendant's prior criminal record and convictions, "great weight." Moreover, the court found a specific need to deter defendant from violating the law and applied aggravating factor nine.

Regarding mitigating factors, the court stated it reviewed the pretrial record and the presentence report and found "[t]here[ wa]s nothing in this record that would support the finding of a mitigating factor." The court "weigh[ed] the aggravating and mitigating factors on a qualitative as well as quantitative basis" and determined "the aggravating factors outweigh[ed] the mitigating factors." The court found the plea agreement was "fair" and "in the interest of justice" and sentenced defendant in accordance with the plea agreement.

A-1334-24

In September 2018, defendant filed a notice of appeal and case information statement (CIS) concerning the judgment of conviction. In the CIS, defendant stated, in part his "sentence [wa]s excessive." Ultimately, defendant withdrew his appeal.[1] In May 2021, defendant, self-represented, filed a petition for PCR. Counsel was assigned to defendant. In May 2022, the petition was dismissed without prejudice because defendant failed to file an amended petition or a brief.

In May 2023, defendant filed a new petition for PCR. In his self-represented filing, defendant left blank the question that required him to "state with specificity the facts upon which the claim for relief [wa]s based, legal arguments[,] and claims." Nevertheless, in his counseled brief, defendant claimed trial counsel had "fail[ed] to fully discuss the trial strategy with him" and "counsel coerced and threatened [him] to accept a plea" despite his desire to proceed to trial. Defendant asserted "counsel did not thoroughly review the State's evidence with him in sufficient time to keep him informed during the litigation" and left him with "no choice to accept a plea or else receive significantly more time in prison." Further, defendant contended trial counsel

---

[1] State v. Diaz, No. A-0107-18 (App. Div. Feb. 6, 2020) (order at ¶ 2).

had failed to discuss "any investigation that was being done" and had not "present[ed] him with any information or requests for investigation of his case."

In addition, defendant asserted "counsel failed to effectively represent him during sentencing proceedings because . . . counsel failed to present the court with a sentencing memorandum that would have illustrated the developmental and disability issues that had been plaguing" him. Further, counsel failed to "meet with [him] to discuss the mitigating factors" and failed "to argue mitigation on" his behalf. Defendant requested the vacatur of his plea.

After hearing the parties' arguments, the PCR court placed its decision on the record. The court considered whether any procedural bar precluded its consideration of the petition. Although the court noted defendant's sentencing claims "generally lack specificity," it understood defendant was claiming he had received an "excessive sentence or perhaps could have received a lower sentence than . . . called [for] by the plea agreement." The court stated "Rule 3:22-4(a) precludes claims that could have been raised on direct appeal" and that State v. Pierce, 115 N.J. Super. 346, 347 (App. Div. 1971), stands for the proposition that "an allegation of excessive sentence is not an appropriate ground for" PCR. The court found "[q]uestions concerning the adequacy of sentencing court's findings and the sufficiency of the trial court's weighing of

the aggravating and mitigating factors should be addressed only by way of direct appeal." The court determined "[d]efendant failed to demonstrate that the grounds for relief could not reasonably have been asserted earlier or" that the procedural bar of Rule 3:22-4(a) "would result in a fundamental injustice or . . . a [c]onstitutional violation." The court found "defendant's claims were immediately available for review on appeal, but he chose to withdraw his appeal." Therefore, the court concluded, defendant's allegations regarding "excessive sentencing . . . or sentencing complaints [we]re barred . . . under Rule 3:22-4."

Nevertheless, the PCR court considered the merits of the entire petition under the relevant legal standards. The court determined "there [we]re no material facts relevant to defendant's claims that need to be resolved by an evidentiary hearing." The court found defendant had failed to proffer "an affidavit or certification supporting" his contentions and, instead, had "only made bald assertions."

The PCR court held it was clear "there are no records and . . . no competent evidence . . . defendant had and/or has any disability whatsoever." Further, "there is no competent evidence . . . that defendant has diminished capacity." In addition, regarding the merits of defendant's sentencing claims, the PCR court

10

concluded defendant had made only "bald assertions." The court held "[d]efendant . . . made no showing that . . . unargued mitigating factors would have reduced his sentence." The court noted "[t]here is no evidence supporting defendant's contention that he suffered from any disability -- cognitive, developmental, or psychiatric -- to sustain mitigating factor four or any other [mitigating] factor."

Moreover, concerning defendant's claims regarding his plea, the court determined defendant had made "bald assertions" that were not supported by competent evidence. The court found defendant's allegations regarding plea counsel coercing him into accepting the plea were "belied by the transcript" of the plea hearing where defendant stated no one had "forced [him] to plead guilty" or had threatened him "in any way." Moreover, the court noted the plea transcript revealed defendant knew what he was doing; had enough time to discuss the plea with counsel; counsel answered all his questions; was satisfied with counsel's services; and had no further questions of counsel.

The PCR court considered whether defendant had been prejudiced by counsel's representation and found "considering the uncontroverted evidence establishing defendant's guilt, evidence that was forensic, confessional, and witness statements, and the generous plea agreement negotiated by . . . counsel,

11

defendant has certainly not shown how he was prejudiced by . . . counsel's performance." The court held defendant had failed to establish "a reasonable probability that the outcome of the plea agreement would have resulted in a different more favorable" result.

On appeal, defendant presents the following arguments for our consideration:

> POINT I.
>
> THE PCR COURT ERRED IN DENYING THE PCR WITHOUT AN EVIDENTIARY HEARING ON THE CLAIM THAT THE GUILTY PLEA WAS THE RESULT OF COERCION BY TRIAL COUNSEL.
>
> POINT II.
>
> THE PCR COURT ERRED IN DENYING THE PCR WITHOUT AN EVIDENTIARY HEARING BECAUSE THE PETITIONER ESTABLISHED A PRIMA FACIE CASE THAT TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING FOR FAILURE TO ARGUE FOR MITIGATING FACTORS.
>
> A. The claim was not procedurally barred
>
> B. An evidentiary hearing was required

Defendant argues the PCR court erred in not conducting an evidentiary hearing before deciding his claim counsel had "forced or tricked" him into pleading guilty. He contends the court "should not have simply rejected the

12

claim based on the record of proceedings, as the nature of trial counsel's communications with [defendant] on this subject would require an examination of matters outside the record of trial proceedings."

Further, defendant argues the PCR court erred in denying his claim that counsel was ineffective, without an evidentiary hearing, for "failing to argue for mitigating factors in an effort to obtain a less severe sentence." Defendant contends the argument was not barred because it "could not have been raised on direct appeal." Further, defendant contends the presentence report revealed "evidence . . . to support an argument for mitigation under N.J.S.A. 2C:44-1(b)(4)," which requires a court to consider whether "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense." According to defendant, the presentence report indicates he had "reported taking medication for anxiety and a 'sleeping disorder'" and "had been treated at Kennedy Hospital and Moorestown Hospital for 'anger problems' as a juvenile." He contends "counsel should have made an argument to find mitigation under N.J.S.A. 2C:44-1(b)(4)."

When the PCR court does not hold an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR

13

court." State v. Harris, 181 N.J. 391, 421 (2004); see also State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). It "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

Under Rule 3:22-4,

> (a) First Petition for [PCR]. Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this [R]ule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> > (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; . . .
>
> > . . . .
>
> [(Boldface omitted).]

Under Rule 3:22-2,

> A petition for [PCR] is cognizable if based upon any of the following grounds:

14

(a) Substantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey;

. . . .

(c) Imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other grounds cognizable under paragraph (a), (b), or (d) of this [R]ule. Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to R[ule] 3:21-10(b)(5).

. . . .

[(Boldface omitted).]

"Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10).[2] "[I]t is not enough

---

[2] The Sixth Amendment to the Constitution of the United States provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of

15

'[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (second alteration in original) (citation omitted) (quoting Strickland v. Washington, 466 U.S. 668, 685-86 (1984)).[3]

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,

---

the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Article I, Paragraph 10 of the Constitution of the State of New Jersey provides: "In all criminal prosecutions the accused shall have the right . . . to have the assistance of counsel in his defense."

[3] In State v. Fritz, 105 N.J. 42 (1987), the New Jersey Supreme Court adopted the Strickland standards.

the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under "the 'second, and far more difficult, prong,'" a defendant must show that his or her defense was prejudiced by counsel's purported ineffective assistance. Gideon, 244 N.J. at 550 (quoting Preciose, 129 N.J. at 463). The defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "Prejudice is not to be presumed." Gideon, 244 N.J. at 551 (quoting Fritz, 105 N.J. at 52). "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693).

If a defendant fails to "make[] both [Strickland] showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

The right to the effective assistance of counsel extends to counsel's adequate investigation. See State v. Porter, 216 N.J. N.J. 343, 353 (2013) (Defense "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary") (quoting State v. Chew, 179 N.J. 186, 217 (2004)) (internal quotation marks omitted). When a defendant "claims his trial attorney inadequately investigated his case,

he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170 (citing R. 1:6-6).

In addition, the right to effective assistance of counsel extends to legal assistance related to the entry of a guilty plea. See State v. Gaitan, 209 N.J. 339, 350-51 (2012) ("It is well established that the Strickland standard applies with equal force to assertions of ineffective assistance of counsel associated with the entry of guilty pleas . . . ."). A counsel's performance is not deficient if "a defendant considering whether or not to plead guilty to an offense receives correct information concerning all of the relevant material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 20 (App. Div. 2012) (citing State v. Nuñez-Valdéz, 200 N.J. 129, 138 (2009)). To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" Gaitan, 209 N.J. at 351 (alteration in original) (quoting Nuñez-Valdéz, 200 N.J. at 139) (internal quotation marks omitted).

Concerning sentencing, our Supreme Court has held "the failure to present mitigating evidence or argue for mitigating factors" may establish "ineffective assistance of counsel--even within the confines of the plea agreement." Hess, 207 N.J. at 154. In Hess, the Court "conclude[d] defendant was denied her constitutional right to the effective assistance of counsel at sentencing" when, among other deficiencies, "counsel offered no mitigating evidence in support of a lesser sentence," id. at 129, "despite evidence in his possession suggesting that defendant suffered from Battered Women's Syndrome when she killed her husband," ibid.

A defendant "must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions [and] R[ule] 3:22-10 recognizes judicial discretion to conduct such hearings." Cummings, 321 N.J. Super. at 170. An evidentiary hearing is held when "there are material issues of disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). PCR "courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of" PCR. Preciose, 129 N.J. at 462. "[C]ourts should view the facts in the light

most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462-63. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim . . . will ultimately succeed on the merits.'" Porter, 216 N.J. at 355 (quoting R. 3:22-10(b)). A defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. A defendant "must allege facts sufficient to demonstrate counsel's alleged substandard performance." Id. at 171.

Conducting our de novo review and applying this well-established law, we conclude defendant's arguments regarding inadequate assistance of counsel are without merit.

Defendant's claim that counsel did not effectively investigate the matter fails because he did not "assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Id. at 170. (citing R. 1:6-6). Thus, defendant cannot sustain the first Strickland prong regarding counsel's investigation, and his claims fails.

Similarly, defendant's contention that counsel forced him to enter into the plea agreement is unsupported and belied by the record. Defendant offers no

20

evidence, affidavit or certification, to support the contention. Moreover, defendant's assertion that the court placed too great an emphasis on his plea testimony fails because "[s]olemn declarations in open court carry a strong presumption of verity." State v. Simon, 161 N.J. 416, 444 (1999) (alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). In addition, defendant failed to demonstrate "there is a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." Nuñez-Valdéz, 200 N.J. at 139.

Lastly, defendant's contention that counsel was ineffective for failing to argue for mitigating factor four—because he was on medication for anxiety and a sleep disorder and received treatment for anger problems as a juvenile—fails because he did not produce any evidence, affidavit or certification, regarding how these issues established a "substantial ground tending to excuse or justify [his] conduct." N.J.S.A. 2C:44-1(b)(4). In addition, defendant fails to establish how counsel's argument regarding this factor would have resulted in the court's reduction of the sentence provided in the negotiated plea. In this respect, defendant cannot establish prejudice.

Because we affirm the PCR court's order based on its substantive consideration of the merits of defendant's petition, we do not address the court's findings regarding any purported procedural infirmities.

To the extent we have not addressed defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1334-24